United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41659
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MANUEL HINOJOSA-SOTO,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-537
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

    Manuel Hinojosa-Soto ("Hinojosa") appeals his sentence under

8 U.S.C. § 1326(a) and (b) for illegal reentry into the United

States after having been deported following a conviction for an

aggravated felony.  He asserts two bases for the appeal.

    Hinojosa argues for the first time on appeal that the

district court's belief during sentencing that the United States

Sentencing Guidelines were mandatory, rather than advisory,

requires reversal by this court under United States v. Booker,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 738 (2005). Review is for plain error. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 11, 2005) (No. 05-6242). Hinojosa's sentence, imposed pursuant to mandatory guidelines, constitutes error. See id. Hinojosa asserts that the error is structural, or at least presumptively prejudicial, such that he is not required to show prejudice. As he acknowledges, this argument is foreclosed. See id. at 601. He admits that he cannot show that his sentence likely would have been different under an advisory application of the Guidelines. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Hinojosa also asserts for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), controls this issue. We must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, this issue is also foreclosed.

The district court's judgment is AFFIRMED.